[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 202 
As assignee of Kingsley Strong the plaintiff has succeeded to their rights, and stands in respect thereto in the same position that they would were they the *Page 204 
plaintiffs in the action. His right of recovery against the defendant is no more or otherwise affected by his ownership of the dam intermediate that of the defendant and that of the assignors, than would theirs have been had they brought a suit for the injury complained of. This cause of action must, therefore, be considered and disposed of the same as though the latter were plaintiffs therein. A brief statement of the facts is necessary to understand the application of the charge and refusal to charge in respect to this demand to which exceptions were taken by the plaintiff, which present all the questions in the case. It was proved that the defendant constructed and maintained a dam across the stream in question, which raised, comparatively, a large pond; that the plaintiff had a dam upon the stream, about eighteen rods below, raising but a small pond; that the assignors had a dam across the same stream about a quarter of a mile below that of the plaintiff. Evidence was given tending to show that the defendant had negligently and improperly constructed his dam and kept the same in an unsafe condition; that there was a rise of water in the stream in September, 1869, which, in consequence of the unsafe and improper condition of defendant's dam, tore the same out, thereby discharging a large mass of water into the stream, by means of which the plaintiff's dam and that of the assignors were more or less torn out, causing damage to each respectively. Upon the entire evidence it was a proper question for the jury whether such were the facts. In reference to these facts the judge charged that if, after the first, defendant's, dam gave way there was another concurring efficient cause to produce the injury on the lower Kingsley dam, then the plaintiff could not recover for injuries to the lower, or Kingsley dam, although the jury should find the defendant's dam was defective and out of repair. To this part of the charge the plaintiff excepted. The court further charged that if there was sufficient water in the plaintiff's dam (the middle dam) at the time the defendant's dam gave way, so as to increase the volume and force of the water in the stream to any material and efficient *Page 205 
amount, and it gave more power and force to the stream by adding thereto the waters in the plaintiff's dam, then the plaintiff could not recover for such injuries to the lower (Kingsley) dam, for the reason that such damages were too remote. To this part of the charge the plaintiff excepted. Could there be any possible doubt as to the construction of the charge this doubt was removed by the refusal to charge as requested by the plaintiff. The clear meaning of the charge is that, although the defendant had negligently constructed an unsafe dam, and carelessly maintained it in an unsafe condition, thereby confining a large volume of water in his pond, which dam in consequence of its condition broke away, precipitating into the stream a great mass of water which tore out the plaintiff's dam, and in its onward course tore out the Kingsley Strong dam, yet the latter could not recover of the defendant if the volume of the water in the stream was materially increased by tearing out the middle (plaintiff's) dam, as in that case the damages would be too remote. Cases are cited, showing that when a party sustains an injury from the concurring negligence of several he may recover therefor against all or either. (Chapman v. The New Haven R.R., 19 N.Y., 341;Colgrove v. Same, 20 id., 492; Barrett v. Third Av. R.R.,
45 id., 628.) But the doctrine of the charge is not in conflict with this principle. The right of recovery for the injury to the Kingsley dam was not thereby made, at all, to depend upon the negligence of the plaintiff in respect to the middle dam; had it been so made the cases would be in point to show the error. The ideas conveyed by the learned judge appear to have been, first, that in case the jury found that the defendant's dam went out in consequence of the negligence of the defendant, this must have been the sole cause of the injury to the Kingsley dam, or there could be no recovery therefor; and second, that assuming this as the sole cause, if in its operation it first tore out the middle dam and thereby increased the volume and power for injury of the water in the stream, the damages to the Kingsley dam would be too remote, and there could be no recovery *Page 206 
therefor. The first proposition was erroneous, and well calculated to mislead the jury. Assuming that the defendant was liable on account of his negligence for the consequences of the break in his dam, the inquiry was whether this caused the injury to the Kingsley dam. In other words, whether this injury would have occurred in the absence of such break. If it would it was not caused by the break, so as to make the defendant liable; if it would not, it was so caused, and the defendant was liable therefor, although other causes tending to produce the result may have been in operation, which would not have produced it in the absence of such break.
Ryan v. The N.Y. Central R.R. Co. (35 N.Y., 210), and ThePennsylvania R.R. Co. v. Kerr (62 Penn., 353) are cited in support of the second proposition of the charge. In the former it was held that one negligently setting fire to a building upon the lands of another, from which fire was communicated to and destroyed the building or property of a third party, was not liable for the injury to the latter; such injury not being the probable and necessary consequences of his wrongful act. The rule determining the liability in this class of cases appears to be well settled. The difficulty, when any arises, is in its application to the facts of the particular case. The party is liable for the natural and probable consequence of his wrongful act or omission, but not for those which are remote and speculative. The law will not enter upon inquiries as to the latter for the reason that such a degree of certainty cannot be arrived at in respect thereto as to constitute a safe ground for judicial action. It is for this reason that judicial action is based upon the proximate and not the remote cause of events. Assuming that this rule was correctly applied in the case ofRyan v. The New York Central (supra) — as to which seeWebb v. The Rome, Watertown O.R.R. Co. (49 N.Y., 420) — it comes far short of sustaining the proposition under consideration. Here, upon the hypothesis upon which the proposition was based, the injury to the Kingsley dam was clearly the natural and probable consequence of the break in that of the defendant. By *Page 207 
that break an immense volume of water, compared with the size of the stream, was suddenly put in motion in the stream, and in its onward course tore out the plaintiff's dam, adding thereby to the volume and power for injury of the stream to some extent, and when this volume reached the Kingsley dam produced the injury complained of. It will be seen that the very water that wrongfully escaped through the break in the defendant's dam, directly caused the injury to the Kingsley dam; and surely the defendant cannot be exonerated from liability from the fact that it had before broken the middle dam and thereby increased the volume and power of mischief.
The counsel for the respondent insists that the charge, if erroneous, could not have injured the plaintiff, for the reason that the jury found for the defendant as to the injury done to the middle (plaintiff's) dam; and that this finding establishes the fact that the defendant was free from negligence in respect to his dam. The answer to this is that there is nothing showing clearly upon what ground the verdict in this respect was based. It may have been upon that claimed by the plaintiff, or upon the condition of the plaintiff's dam satisfying the jury that it went out from some other cause, or upon some other ground. It is enough that it does not appear that it was on the ground that the defendant was free from negligence.
The counsel further insists that as no error is complained of in the judgment for the defendant in respect to the plaintiff's dam that this part should be affirmed, irrespective of the error in the charge in regard to the injury to the Kingsley dam, and that it should be reversed and a new trial ordered only as to that. The answer to this is that the plaintiff had the right to unite all the causes in one action, and that in case he succeeds in recovering upon either a sum entitling him to costs, he is not only entitled to recover his costs of the action, but relieved from the payment of the costs of the defendant. Besides, there is no precedent or *Page 208 
law authorizing such a disposition of a case situated like the present.
The judgment and order of the General Term, denying a new trial, must be reversed and a new trial ordered, costs to abide the event.
All concur.
Judgment reversed.