BILLINGS G. MARTIN, RESPONDENT, v. THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, APPELLANT.

*Negligence — a fire from sparks from an engine — proximate cause — that other lands intervened between the place of origin of the fire and the wood-land burned is not material — different rule in a village and city.*

In an action brought to recover damages to the wood-land of one Martin, caused, as alleged, by a fire started by sparks or cinders from the engines of a railroad company, it appeared that the fire began in old brush and ties lying by the side of the track; that there was no change of wind during the continuance of the fire; that between this place and Martin's land the lands of other persons intervened, and that their condition was favorable to carrying the fire onward; that it crossed a river about ninety-seven feet wide, its point of crossing being where old trees overhung the river; that the course of the fire was direct; that Martin's wood lot was nearly a mile and a half distant from the point where the fire began, and that the fire burnt rapidly.

*Held,* that the sparks or cinders were the proximate cause of Martin's loss and that he could recover.

That the fact that the lands of other persons were passed over by the fire before those of Martin's were reached was not material.

That the rule applicable to fires negligently set by the owner of a house in a village or city, and running from it to another house, had no application to a fire where the surroundings were of the character appearing in the case at bar.

APPEAL by the defendant, the New York, Ontario and Western Railway Company, from a judgment, entered in the office of the clerk of the county of Sullivan on the 13th day of October, 1890, upon a verdict for the plaintiff for $450 damages and costs, after a trial at the Sullivan Circuit before the court and a jury; and also

from an order, made in this action on the 24th day of September, 1890, denying the motion of the defendant for a new trial, with notice of an intention to bring up for review on such appeal both the law and the facts of the case.

*George H. Carpenter,* for the appellant.

*W. F. O'Neill,* for the respondent.

LEARNED, P. J.:

This is an appeal by the defendant from a judgment on a verdict, and from an order denying a new trial. The action was brought to recover damages caused to plaintiff's wood-land, about the twenty-second of May, by a fire which is alleged to have originated through defendant's negligence. The fire started on the east side of defendant's track in old brush and old ties which were along the track. The brush had been cut the fall previous. The ties had been taken out of defendant's road. The alleged negligence was in leaving this dry and combustible material alongside of defendant's track, where it might catch fire from the escape of sparks or burning cinders from defendant's engines. The fact of the fire is not disputed. Nor is it disputed that it started as above stated. The defendant claims that the injury done to plaintiff is too remote from the original kindling of the fire, however negligent that was, to permit a recovery.

The fire started at a point between the Neversink tunnel and the Fallsburgh station. From that point to the Neversink river is about one mile. The river is about ninety-seven feet wide. It is described as having a high bank on the west side with large timber. In some places, a witness says, the river was almost closed in and trees leaned over. The east bank was a bark "slashing" all the way. That is combustible and easily ignited. The plaintiff's land was about twenty-four hundred feet beyond the river.

There had been a drouth for many days previous. The wind on the day of the fire was blowing strongly from the south-west to the north-east, which was in the direction of plaintiff's land from the place where the fire started. The fire, starting from defendant's road, ran through lands of Carley and of O'Neill to the river. There it crossed the river, evidently conveyed by the brush and dry timber on the banks and by the trees reaching over the river, and

then continuing on it burned the plaintiff's wood-land.   One witness. says that, when it reached the river, "it could not help but go ; the wind was driving it over the hill as fast as a man could run."

It cannot be said that plaintiff's damages are speculative.   They are actual, and are the result, direct or remote, of defendant's. negligence.

If the plaintiff had been an owner adjacent to the railroad, and the fire starting on the railroad had caught one of plaintiff's trees. and had burned it, there could be no doubt of defendant's liability.

Suppose that from that tree another on plaintiff's land and still another had caught and had been destroyed, would it be said that. the damages for all but the first tree were too remote ?   Clearly not. ( *Webb* v. *R. W. and O. R. R.*, 49 N. Y., 431.)   One might as well say that if one side of plaintiff's house adjacent to defendant's land had caught fire, and the fire had extended through to the other side of the house, plaintiff's damages must be confined to the value of the side which first caught fire.

It seems, then, plain that if the plaintiff's wood-land had been adjacent to the defendant's track, and the fire starting on defendant's track had extended over plaintiff's land, defendant would have been liable for all the damages caused thereby, and not solely for the value of the first tree or trees which ignited.   A contrary rule would plainly be absurd.

Now, let us suppose, a very possible supposition, that the plaintiff had owned the land of Carley and of O'Neill, and all the land between the railroad and that land, which he does, in fact, own. In that case, could it be said that he could not recover for the damages done to the whole of the land owned by him ?   But what. difference, as to defendant's liability, whether the plaintiff owned all the land from the railroad track to and including that now in question, or whether the intermediate land belonged to some other person ?   The damages are no more remote in the one case than in the other.   The damages are just as immediate a result of the defendant's. negligence, whether the land over which they extend belongs. to one person, or, in severalty, to two.   The question of remoteness cannot depend on the title to the land.   To hold otherwise would be absurd.   A fire in such cases travels along from tree to tree, from brush to brush, from grass in one place to grass adjoining.   The line

which divides the ownership of the land neither stops the fire or carries it forward. So that the ownership is utterly immaterial, when we are considering whether a certain result is the direct effect of the original fire. It might be material if there were a change of wind or if some new cause should intervene. There was none here.

The case of *Ryan* v. *New York Central Railroad* (35 N. Y., 210), is very gingerly treated in *Pollett* v. *Long* (56 id., 206), and *O'Neill* v. *New York, Ontario and Western Railroad Company* (115 id., 579). And it is not necessary to comment upon it. It is not the case before us. Whatever may be the law as to a house in a village or city which takes fire from the burning of an adjacent house, negligently set on fire by the owner, that is not the question here. It is well settled that where one negligently sets on fire grass or brush, or other combustible material, and the fire extends to the adjacent owner's land and destroys woods or grass, such owner may recover the damages. (*Webb* v. *Rome, W. and O. R. R. Co., ut supra,* and many other cases.) It is not necessary for us to justify the distinction made between such cases and that of city or village houses.

The question involved here was considered in the O'Neill case (*ut supra*). There it was urged that the plaintiff could not recover because the plaintiff's lands did not lie next to the railroad but were separated from it by the lands of another. In answer to the point that this objection, though not urged at the trial, could not have been remedied, and might, therefore, be heard on appeal, the court said that this fact alone was not decisive. Other circumstances would control, and the court could not say that testimony would not have shown that the result was to have been anticipated from the moment fire dropped. If so, the destruction of plaintiff's property was not remote. Thus we see that this is the test; or, as again expressed, the question is whether the result " was the natural and direct effect of the first firing." So the learned justice charged in this case. The jury must have found that the destruction of plaintiff's property was the natural and direct effect of the fire which started on defendant's land. Such finding is fully sustained. There was no change of the wind. It continued to blow in the same direction. The fire moved rapidly along to the plaintiff's land. It does not appear that there was anything extraordinary in the circumstance that it passed from one side of the river to the

other, when we consider the condition of the banks and the brush and slashing thereon. At any rate, nothing but the wind and the condition of the banks carried the fire over. Hence the crossing was to have been anticipated.

The case of *Read* v. *Nichols* (118 N. Y., 224), decided three months after the O'Neill case, makes no reference to it, and is not material here. It was the case of a fire in a village somewhat like the Ryan case. Sparks from a smoke-stack blown by a strong northeast wind had set fire to a house 280 feet distant, then the wind died down and changed to a breeze from the south, and plaintiff's building was destroyed. There were no fire apparatus and no ladders long enough to enable persons to go on the roof of the first building. On all these circumstances the court held that the loss was not the direct effect of defendant's negligence. That case, therefore, belongs to the same class as the Ryan case. It is unlike the other and more familiar cases in which a fire negligently kindled on a man's ground has, under the operation of the existing natural conditions, extended itself to other land and destroyed woods, crops, grass and fences. The O'Neill case is so close in point that it is unnecessary to cite cases from other States.

The judgment and order should be affirmed, with costs.

LANDON and MAYHAM, JJ., concurred.

Judgment and order affirmed, with costs.