## SCOTT v. KING et al.

(Supreme Court, Appellate Division, Third Department. May 2, 1900.)

1. RAILROADS—FIRES—COURTS—STARE DECISIS.

In an action against a railroad for injury by fire, it was error to refuse a motion for a nonsuit on the ground that its negligence was not the proximate cause of the injury, where it was not contradicted that the fire was carried 2½ miles across lands of a third party before reaching plaintiff's property, and the court of appeals had previously decided, on similar facts, involving the same question, that defendant was entitled to the direction of a verdict.

2. SAME—APPEAL AND ERROR.

The appellate division of the supreme court will not consider the argument, on the hearing of an appeal, that a legislative act passed subsequent to an adjudication of the court of appeals on similar facts, involving the same question, prescribes a different rule as to the proximate cause from that laid down by it, since such adjudication is controlling.

Appeal from trial term, Sullivan county.

Action by Edward Scott against John King and another, receivers, etc., of the New York, Lake Erie & Western Railroad Company. From a judgment in favor of the plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

Henry Bacon, for appellants.
John F. Anderson, for respondent.

PARKER, P. J. Upon the trial of this action the objection was distinctly taken that the defendants' negligence, if any, was not the proximate cause of the injury to the plaintiff's lands; and, in connection with that proposition, it was pointed out that the fire was carried some 2½ miles, across the lands of one Joseph M. Page, before reaching the plaintiff's lands. And, inasmuch as no conflict of evidence existed as to that situation, a nonsuit was asked for upon that ground. Such motion was denied, and an exception duly taken.

The case of Hoffman against these same defendants, 160 N. Y. 619, 55 N. E. 401, 46 L. R. A. 672, is an authority to the effect that such motion should have been granted, and I see no reason why this judgment must not be reversed on the authority of that case. The facts in that case were similar to those now before us, and the principle there decided is the one which must control this case. It is urged by the respondent's counsel that chapter 332 of the Laws of 1893 prescribes a different rule from the one adopted by the court of appeals in the Hoffman Case. I am not prepared to agree that he is correct in that proposition, but, however that may be, that argument must be addressed to that court. The decision in the Hoffman Case is now controlling upon this court, and, clearly, within the principle there laid down, this judgment cannot stand.

Judgment reversed, and new trial granted; costs to abide the event. All concur.