JAMES B. O'REILLY and WILLIAM T. O'REILLY, Respondents, *v.* JOHN KING and JOHN G. McCULLOUGH, as Receivers of the NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellants.

*Negligence — injury from a fire spreading from a railroad on which inflammable material had collected — proof that an engine caused the fire.*

In an action to recover damages resulting from fires alleged to have been caused by sparks from the defendants' locomotives, igniting inflammable material which the defendants had allowed to accumulate on their right of way, and which spread therefrom upon the plaintiffs' lands, it appeared that the fires were discovered immediately after the passing of trains. The locomotives drawing such trains were conceded to have been properly constructed and in good order and none of the witnesses testified that he saw them emit any sparks.

*Held*, that it was error to allow the plaintiffs to prove, by a witness who resided one and one-half miles from the place where the fires started, and who did not see the locomotives which were alleged to have caused the fire, that other locomotives passing his place "shortly before and shortly after the fires" "scattered fire."

APPEAL by the defendants, John King and another, as receivers of the New York, Lake Erie and Western Railroad Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Sullivan on the 10th day of December, 1900, upon the verdict of a jury for $527.60, and also from an order entered in said clerk's office on the 21st day of January, 1901, denying the defendants' motion for a new trial made upon the minutes.

The action is brought to recover damages claimed to have resulted from two fires caused by sparks from locomotive engines of the

defendants setting on fire quantities of inflammable material which it is alleged the defendants negligently allowed to accumulate on their right of way, and which spread thence to plaintiffs' adjoining timber lands. It is conceded that the locomotives which it is claimed caused these fires were properly constructed and in good order. The first fire (that of March, 1894) was discovered by a man a half mile distant from the place where it is claimed to have caught, and immediately after a freight train had passed. The second fire (April, 1894) was discovered by a man one and three-quarters miles distant. This, also, was immediately after a train had passed. No one saw any sparks emitted by either of the locomotives drawing these trains. As to both of these fires, other witnesses testify that they visited the places the same or the next day, and saw evidences of fire on the defendants' right of way.

The claim is that these fires started on defendants' right of way and spread from the points of ignition to and upon the plaintiffs' adjoining lands and burned and destroyed the timber growing thereon.

*Henry Bacon* and *Joseph Merritt*, for the appellants.

*John F. Anderson*, for the respondents.

FURSMAN, J.:

The plaintiffs do not claim that the fires were caused by sparks emitted by the locomotives because of any improper construction, nor because they were not in good order, but it is insisted that the defendants negligently permitted inflammable material to accumulate on their right of way, and that the fact that trains had passed immediately before the fires were discovered justifies the inference that they were caused by sparks from the engines falling upon and setting fire to the material thus negligently allowed to there accumulate and remain.

On the trial, however, the plaintiffs did not rest in satisfied reliance upon this inference alone, but proved by one Tyler that he resided one and one-half miles from the place where the fires caught; that he did not see what the engines did on the occasion in question, and under objection and exception, that other engines passing his place " shortly before and shortly after the fires " " scattered fire."

There was no proof as to the actual condition of affairs along the right of way before the trains passed, and it was incumbent on the plaintiffs to satisfy the jury that the fires were caused by sparks from the passing locomotives. The manifest object of this evidence was, therefore, to strengthen the inference which the jury was asked to draw from the passing of the locomotives and the subsequent discovery of the fires. Without this evidence the jury might have inferred from the two facts above mentioned that the fires were caused by sparks from the engines, or they might, in the absence of all proof as to whether fires originating from some other cause were in progress before the engines passed, have regarded the evidence too weak to justify such inference. It is probable, therefore, that this evidence was regarded as important. We think it was not competent to prove that other locomotives, at other times, under other circumstances and at a place distant from those at which the fires in question occurred, had "scattered fire." Whether such locomotives were properly constructed or were in proper condition, whether the "scattered fire" came from the smokestack, or was caused by the fireman or engineer shaking out the ashpan, or what it was that caused it, does not appear. It is urged that this evidence was proper because the Court of Appeals has said that all railroad engines, however well constructed and equipped, will of necessity emit some sparks. (*Hoffman* v. *King*, 160 N. Y. 618.) Assuming the truth of that statement, it furnishes only another circumstance in aid of the two facts above mentioned — the passing of the locomotives and subsequent discovery of the fires — and does not at all justify the evidence under consideration. That one engine emits sparks from its smokestack, and another "scatters fire," are, or at least may be the result of, widely different conditions and produced by different causes. The fact that, under certain circumstances, all engines of necessity emit sparks cannot justify evidence that some engines, other than the one in question, at a period remote in time and distant in place, "scattered fire," in the absence of all proof both as to their construction and the cause and manner of scattering their fire. The necessary result of this evidence was to enable the jury to find from it that the fires in question were caused by fire "scattered" from the passing locomotives, without any proof that these engines in fact either emitted sparks or scattered fire, and

without proof of the condition of the right of way before they passed.

The judgment and order must be reversed and a new trial granted, with costs to the appellants to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellants to abide event.