## DECORA v. RUTLAND R. CO.

(Supreme Court, Appellate Division, Third Department. January 4, 1911.)

Appeal from Trial Term.

Action by Josephine Decora against the Rutland Railroad Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

E. J. Vert, for appellant.

Cantwell & Cantwell (John M. Cantwell, of counsel), for respondent.

PER CURIAM. Judgment affirmed, with costs.

HOUGHTON, J. (dissenting). I think the facts in this case distinguish it from the rule laid down in Hoffman v. King, 160 N. Y. 618, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715, and that it is not governed by that case. On the trial, the defendant, for the purpose of raising the questions involved, admitted that a fire was started from its locomotive on the Metott lot, 20 rods from the plaintiff's line, by reason of a defective smokestack. The plaintiff's evidence is to the effect that the point where the spark from the defective stack lighted the dry grass was near a barway leading from the defendant's right of way to the Metott lot; that a post of such barway was burned away, and that, although the fire was started over the fence on the Metott lot, it back-fired to the side of defendant's track and on its right of way in the grass. In addition to showing that the fire was in the grass on the defendant's right of way, the plaintiff proved that, 18 or 20 hours prior to the time it sprung into life and swept over the plaintiff's premises, she, through her husband and son, while the fire was still smouldering, notified the defendant's section hands of the fire and requested them to put it out.

Even though the defendant might not be liable to the plaintiff for the burning of her property through a fire set by the defendant on adjoining premises of a third party, I think it made itself liable for not attempting to put out the fire after it had back-fired to its own premises and right of way, from which, presumably, it spread to the plaintiff's farm. So far as the evidence discloses, there was no attempt on the part of the defendant to extinguish the fire after it had spread to its own premises, and nothing was done except to replace a burned post in the fence along its right of way. Personally, I never have been quite able to appreciate the logic of the holding that a negligently kindled fire, directly the cause of damage, was not the proximate cause of the injury because it burned beyond a line fence. But I appreciate that responsibility for damages must stop somewhere, and that the rule of the highest court of the state is that enunciated in Hoffman v. King, supra.

There is another principle applicable in the present case, and that is that, where a person negligently kindles a fire on his own premises,

he must take reasonable precautions to prevent it spreading to his neighbor. I apprehend that it makes no difference whether he has negligently kindled the fire a foot or two beyond his line, from which it spreads to his own land. After the fire is on his own land, he must take reasonable precautions to prevent its doing injury to another. The complaint alleges, and the answer admits, that the plaintiff's premises are bounded by and adjacent to the defendant's right of way, upon which the fire had spread. Under the facts disclosed, I think the nonsuit was error, and that the question of the defendant's negligence in failing to extinguish the fire after it spread to its own right of way should have been submitted to the jury.

I therefore vote for a reversal of the judgment and the granting of a new trial.