Appellate Term, First Department, March, 1918.    [Vol. 102.

CLARENCE NAUGHTON, Respondent, v. CHARLES E.
McWILLIAMS, MAY McWILLIAMS et al., Appellants.

(Supreme Court, Appellate Term, First Department, March, 1918.)

Negligence — of master of vessel — wages — damages.

> It is well-settled maritime law that a master cannot claim
> wages if his vessel is lost through his negligence.
>
> Where plaintiff's duty as master and sole hand of one of
> defendant's coal barges, except when absolutely necessary for
> him to go ashore for provisions and supplies, required his con-
> stant presence on the barge, and he was away during a storm
> which resulted in the barge being cast upon the rocks and
> destroyed, his negligence not only is a bar to recovery for
> wages but subjects him to an action for damages for loss of
> the vessel.

APPEAL from a judgment of the Municipal Court of
the city of New York, borough of Manhattan, first
district.

Silas B. Axtell, for appellants.

Laurence J. Bershad, for respondent.

DELEHANTY, J.   Under any aspect of the case I fail
to see how plaintiff is entitled to sustain his recovery
herein.  On the 6th of September, 1917, he was
employed by defendants as the captain and sole hand of
one of its coal barges on a monthly hiring of seventy
dollars.  On October 23, 1917, plaintiff anchored his
barge in Newport harbor and during that day aban-
doned the same leaving no one in charge thereof.  On
the morning of October twenty-fourth following, while
plaintiff was still away from his boat, a storm broke
loose which resulted in the barge being cast upon the

rocks at that point and completely destroyed with a consequent loss to defendants of three thousand dollars, the reasonable value thereof. At that time there was due plaintiff on account of wages forty-one dollars and eighty-four cents, for which this action was instituted. Defendants pleaded a denial and counterclaimed for the value of the boat.

It is conceded that the plaintiff's duty required his constant presence on his ship, except when absolutely necessary for him to go ashore for provisions and supplies. In the light of this situation it was incumbent on plaintiff to bring himself within the exception stated in order to recover. This he failed to do or offer any excuse whatsoever for his absence on the occasion in question. It is well-settled maritime law that a master cannot claim wages if his vessel is lost through his negligence or neglect. *Latham* v. *West,* 5 Mart. (La.) 573; *Hennen* v. *Munroe,* 11 id. 579; *Lombard S. S. Co.* v. *Anderson,* 134 Fed. Repr. 568, 570; 44 Am. Cent. Digest, p. 309, § 297. Leaving his boat under the circumstances detailed and to the prey of arising storms was grossly negligent on the part of plaintiff from which he is not relieved by the fact that the storm, a concurring event, co-operated in the destruction thereof. *Brehm* v. *Great Western R. Co.,* 34 Barb. 256; *Pollett* v. *Long,* 56 N. Y. 200. Such negligence not only bars plaintiff's recovery herein but subjects him to damages for the loss of his ship.

It follows, therefore, that the judgment appealed from should be reversed, with thirty dollars costs, and the complaint dismissed and judgment granted defendants on their counterclaim, with costs.

GUY and PHILBIN, JJ., concur.

Judgment reversed, with costs.