De Lancey Nicoll, Jr., Appellant, *v.* The Long Island Railroad Company, Respondent.

Second Department, May 22, 1931.

*Vincent H. Rothwell,* for the appellant.

*Thomas J. Brennan* [*Matthew J. Keany* and *Joseph F. Keany* with him on the brief], for the respondent.

Hagarty, J. This action was brought by the plaintiff against the defendant to recover for damages to his woodlands adjoining and bounded by the defendant railroad's right-of-way, caused by a fire which originated upon the defendant's right-of-way and spread to the plaintiff's property. The court dismissed the complaint upon the authority of *Hoffman* v. *King* (160 N. Y. 618) and *Rose* v. *Pennsylvania R. R. Co.* (236 id. 568). Those cases,

however, turned upon the rule that, for fires negligently set, the defendant is liable only for damages which are the proximate, that is, the immediate, result of the negligent act, and is not liable to the owner of lands not abutting on its premises for damages caused by fire communicated through the abutting and intervening property of a third person, over which the defendant has no control and without which the fire could not have extended. In the case we are reviewing, however, the plaintiff adduced evidence which would have justified the jury in finding not only that the fire originated upon the defendant's right-of-way, but that it spread from it directly to the plaintiff's property abutting on the north. The rule enunciated in the cases cited, therefore, has no application.

Plaintiff further contends that, even if this proof falls short of establishing that the fire spread directly from the defendant's right-of-way to his property, the defendant would be liable, nevertheless, under the Conservation Law. Plaintiff's property is bounded on the south by the defendant's right-of-way and on the east by the property of the Long Island Manure Company. Plaintiff's proof is that the fire was burning upon the defendant's right-of-way to the east and to the west of the plaintiff's easterly boundary line and also on the Long Island Manure Company's property, and that it crossed directly from the defendant's right-of-way to the plaintiff's property at a point west of the plaintiff's easterly boundary line. At the time there was a strong wind blowing from the southeast. While it may be unnecessary to pass upon that phase of the case for the purpose of this decision, we deem it advisable to express our opinion upon the law affecting the defendant's liability, in the event that the jury, upon the new trial, finds that the fire was communicated to the plaintiff's property, not directly, but by way of the property of the Long Island Manure Company. Since *Hoffman* v. *King* (*supra*), decided in 1899, the Conservation Law was enacted, extending the common-law liability, and the plaintiff's proof justified the inference that the plaintiff's land was " forest land " within the meaning of the Conservation Law (§ 63, subd. 7, as renum. and amd. by Laws of 1928, chap. 242), and that the fire which caused the damage was a " forest fire " within the meaning of subdivision 8 of the same section (as renum. and amd. by Laws of 1928, chap. 242). Upon proof of such facts, the plaintiff is entitled to recover for damages to his lands, " however distant from the place where the fire was set or started and notwithstanding the same may have burned over and across several separate, intervening and distinct tracts, parcels or ownerships of land." (Conservation Law, § 56, subd. 3, added by Laws

of 1916, chap. 451.) Plaintiff's proof justified the inference that the fire originated upon the defendant's right-of-way, which was " *prima facie* evidence that the fire was caused by negligence of the railroad company." (Subd. 5 of the section last cited, added by Laws of 1916, chap. 451.) This conclusion is not affected by *Rose* v. *Pennsylvania R. R. Co.* (*supra*) for the reason that the fire which caused the damage in that case did not involve " forest land," and, therefore, the Conservation Law was not involved.

The judgment should be reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event.

LAZANSKY, P. J., and CARSWELL, J., concur; YOUNG and KAPPER, JJ., concur upon the ground that the evidence permitted a finding that the fire was communicated directly to that part of plaintiff's land which abutted on defendant's right-of-way and that it was the immediate result of defendant's negligence.

Judgment reversed upon the law and the facts and a new trial granted, costs to appellant to abide the event.