AMANDA M. O'NEILL, Respondent, v. THE NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, Appellant.

In an action to recover damages for injuries to certain woodlands belonging to plaintiff, lying near defendant's road, which the complaint alleged had been set on fire through defendant's negligence, it appeared that sparks from a locomotive passing on defendant's road set fire to brush wood, old rails and other combustible materials, which it had allowed to accumulate on its lands; that the fire spread to the lands of one C. and from thence to plaintiff's lands. A motion for a nonsuit was denied. *Held*, no error; that the fact sparks were scattered upon defendant's road-way in such quantities as to endanger property on abutting premises raised an inference that defendant's engines were improperly constructed or managed; also, that conceding the escape of fire from an engine is inevitable, a railroad company is bound to remove combustible material from its path or to prevent such an accumulation thereof by the side of its tracks as will, in consequence of fire falling upon it, endanger the property of others.

Also, *held*, the objection that land of a third party intervened between plaintiff's woodland and defendant's road, and so the damage complained of was too remote, not having been raised on trial, could not be urged on appeal; but that the fact was not decisive upon the question, other circumstances would control; and, as the result was to have been anticipated from the moment fire dropped upon defendant's premises, and the destruction of plaintiff's property was the natural and direct effect of the first firing, the damages were not remote.

*Ryan* v. *N. Y. C. R. R. Co.* (35 N. Y. 210) distinguished.

Mem. of decision below, 45 Hun, 458.

(Argued June 28, 1889; decided October 8, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made July 11, 1887, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages to plaintiff's wood lands, alleged to have been caused by sparks from a locomotive engine in use on defendant's road.

The facts are sufficiently stated in the opinion.

*George H. Carpenter* for appellant. Negligence cannot be imputed or inferred from the simple fact of causing the fire, for the reason that the use of fire to propel a railroad engine is lawful, and sparks and coals may escape nothwithstanding all the safeguards which modern improvement has suggested may have been adopted. (*Sheldon* v. *N. Y. C. & H. R. R. R. Co.*, 14 N. Y. 224; *Fero* v. *N. Y. C. & H. R. R. R. Co.*, 22 id. 212; *Searles* v. *M. R. Co.*, 101 id. 661; *Field* v. *N. Y. C. & H. R. R. R. Co.*, 32 id. 350; *R. & C. R. Co.* v. *Latshaw*, 93 Penn. St. 449.) It is not enough to authorize the submission of a question as one of fact to the jury that there is some evidence. (*Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 336; *Dwight* v. *G. Ins. Co.*, 103 id. 358, 359.) It is incumbent on the party holding the affirmative of the issue on the trial of a civil action to satisfy the jury by a preponderance of evidence of the facts on which his case depends. (*Cranston* v. *N. Y. C. R. R. Co.*, 103 N. Y. 614; *Toomey* v. *R. R. Co.*, 3 C. B. [N. S.] 146; 59 N. Y. 336.) The engine being fitted with the best approved spark-arrester, it was error to submit the question to the jury on the mere surmise that there may have been negligence on the part of the defendant. (*Sheldon* v. *N. Y. C. & H. R. R. R. Co.*, 14 N. Y. 224; *Field* v. *N. Y. C. & H. R. R. R. Co.*, 32 id. 350; *Searles* v. *M. R. Co.*, 101 id. 661.) The damages are too remote. (*Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y. 210, 212.)

*W. F. O'Neill* for respondent. In view of the proof, it was for the jury to say whether the spark-arrester could have

been in a safe condition and emit sparks apparently as large as walnuts, and distribute them in such extraordinary quantities as to set fire in three different places along its track, in a space of about half a mile. (*Weidman* v. *N. Y. E. R. R. Co.*, 24 N. Y. Week. Dig. 431; *Field* v. *N. Y. C. & H. R. R. R. Co.*, 32 N. Y. 346; *Collins* v. *N. Y. C. & H. R. R. R. Co.*, 109 id. 243; *Webb* v. *R., W. & O. R. R. Co.*, 49 id. 420; *Crist* v. *Erie R. Co.*, 58 id. 638.) The evidence which goes to establish the negligence of the defendant in cases of this character, as to the dropping of coals, the leaving of combustibles near its road-bed, are all to be considered by the jury, and where a *prima facie* case is made, must be submitted to them. (*Sheldon* v. *H. R. R. R. Co.*, 14 N. Y. 218; *Fields* v. *N. Y. C. & H. R. R. R. Co.*, 32 id. 339.) The two elements of negligence were fairly proven, and the court was justified in submitting them to the jury. (*Rood* v. *N. Y. & E. R. R. Co.*, 26 N. Y. 644; *Hindes* v. *Barton*, Id. 644; *Webb* v. *R., W. & O. R. R. Co.*, 42 id. 420.) The fact of distance is not material so long as the negligent acts of the defendant would naturally and necessarily injure the property of the plaintiff. (*Fero* v. *B. & S. I. R. R. Co.*, 22 N. Y. 209; *Lowery* v. *M. R. Co.*, 99 id. 158; *Bardin* v. *Stevenson*, 75 id. 164.) Where improper evidence has been received under exception, and the court, before a final submission of the case, instructed the jury to disregard it, the fact of its reception is not error. (*McKnight* v. *Dunlop*, 5 N. Y. 537; *People* v. *Davis*, 4 Denio, 153.) A defendant in an action of this nature is liable even where there is an intermediary agent between the primary cause of the injury and the ultimate result. (*Lowery* v. *M. R. Co.*, 99 N. Y. 158.)

Danforth, J. The questions in this case are brought before us by the defendant's appeal from a judgment of the General Term of the third judical department, affirming a judgment in favor of the plaintiff upon the verdict of a jury, and affirming an order made by the trial court denying the defendant's motion for a new trial. No question is made upon the

pleadings. The complaint, among other things, stated the incorporation of the defendant and that its road ran through the town of Fallsburg. So much the defendant by its answer admitted. The complaint also stated that the plaintiff at the time in question was the owner of certain woodlands lying near the railroad, that these were set on fire through the negligence of the defendant, in the use and construction of its locomotive and by means of sparks and coals thrown from it; and that the defendant was otherwise negligent in placing or permitting to accumulate upon its premises " brush, old ties, cut grass, and other dry and combustible materials," easily ignited, and through which fire communicated to the plaintiff's woods to his injury. These allegations were denied and the issues so formed raised the questions between the parties.

The plaintiff went into evidence, and when he rested the defendant's counsel claimed it to be insufficient for want of showing that the engine from which the fire was said to have originated " was out of repair or improperly constructed, or that the spark-arrester attached thereto was not as good, safe and effective as any contrivance for that purpose in known use, and also claimed that negligence " cannot be found from combustibles along the track."

The motion was denied, and the defendant called and examined witnesses whose testimony with that of the plaintiff was submitted to the jury as bearing upon the questions.

*First.* Whether the engine was out of order or repair as to its apparatus for arresting sparks.

*Second.* Whether the engine was supplied with the most approved method of arresting sparks in known use. Assuming that these questions were answered in favor of the defendant, then,

*Third.* Was the company negligent in placing combustible materials so near the track that they would be likely to take fire from sparks of the engine necessarily emitted, and thence, as a natural and probable result, firing the plaintiff's woods.

On this appeal it is not denied that the plaintiff suffered loss of property by fire. The defendant's claim is that there

was not sufficient evidence for the jury to consider upon the question whether the defendant negligently caused the fire. The burning occurred in the day-time. Immediately after the passage of the " express freight " through a tunnel, about twelve o'clock, or a little after, smoke was seen rising from several places on the land of the company, close to the track and along its side. The fire at once began to run and spread rapidly " on to the land of one Carley," and from there to the lands of the plaintiff. By the side of the defendant's land were cut brush and leaves and old ties piled up. Before the train came along there was no smoke or other appearance of fire. Sparks were seen coming from the engine ; one witness says, " probably, and as I judge, as large as a pea." Another says, " I saw the train when it came out of the tunnel," and " she set fire right at the approach of the tunnel ; " the engine was throwing large volumes of smoke and sparks ; they seemed unusually large ; " as large as walnuts ; she set fire three or four times to this old brush, old bark and stuff that falls off the train and brush they cut down and left there." They rolled the brush up near the mouth of the tunnel on the east side, and the fire caught on there and went north-east. That was toward the plaintiff's land. The witness watched the progress of the fire a few minutes and then " went for a pail." If this evidence is true, the plaintiff's case was good until contradicted. If contradicted, the question was for the jury and not the judge. It was not wrong for him to say whether the inference of negligence could be drawn from it. It was for the jury to say whether it should be drawn. No doubt the eyes of some witnesses are livelier than those of others, and the sense of sight may be quickened or diminished by the interest or bias of him who possesses it. But no court can define or limit the degree of credibility due a witness, for that as well as the weight of evidence is for the jury.

In *Field* v. *New York Central Railroad Company* (32 N. Y. 346), it was held that the fact that " the sparks or coal were scattered at all upon the defendant's road-way in such quantities as to endanger property on abutting premises raised

an inference of some weight that the engines were improperly constructed or managed." There was, moreover, in the plaintiff's case, abundant evidence of conduct on the defendant's part in so storing its useless material and retaining upon its premises brush and other refuse matter, as to make it quite right and proper for the jury to declare it negligent.

If, as the defendant claims, the escape of fire from an engine is inevitable and a necessary consequence of its profitable employment, the defendant was, at least, bound to move combustible material from its path, or, at least, prevent such accumulation of rubbish as would, in consequence of fire falling upon it, be the cause of danger to another's property. (*Webb* v. *R., W. & O. R. R. Co.*, 49 N. Y. 420.) The fire on the track was its fire as much as if confined in the engine, and it owed a like duty to see that it did no harm.

It is also said by the appellant that "the damages are too remote." The proposition is put upon the ground that the plaintiff's lands did not lie next to the railroad, but were separated from it by the lands of another. That circumstance is in the case, but no allusion was made to it upon the trial as a ground of defense, and it is conceded by the learned counsel for the appellant that the point now presented was not raised in the trial court. It, therefore, cannot be listened to. (*Salisbury* v. *Howe*, 87 N. Y. 128.) The case was tried upon its merits, and it was assumed by the defendant's counsel, in stating grounds for a nonsuit, that the plaintiff would be entitled to recover if the fire was caused by the imperfection of its locomotive, or if negligence could be predicated from the accumulation of "combustibles along the track." In either of these events the liability of the defendant was conceded, and there was no suggestion that the damage sustained by the plaintiff was not the natural and probable consequence of defendant's act or omission. But the appellant urges that the objection, if made at the trial, could not have been obviated, and, therefore, claims that it may be raised at any time. The fact that land of a third party intervened between the woodland of the plaintiff and the defendant's road cannot be

doubted, but that alone is not decisive. Other circumstances would control, and, if not already apparent in evidence, we cannot say that further testimony would not have shown that the result was to have been anticipated from the moment fire dropped upon the defendant's premises, and that the destruction which happened to the plaintiff's property was the natural and direct effect of the first firing. If so, it was not remote. (*Vandenburgh* v. *Truax*, 4 Den. 464; *Pollett* v. *Long*, 56 N. Y. 200; *Webb* v. *R., W. & O. R. R. Co., supra.*)

*Ryan's Case* (35 N. Y. 210), relied upon by the defendant, is sufficiently commented upon in the last two cases cited, and is not analogous to this case as now presented. The origin of the fire, upon the evidence and the verdict of the jury under proper instructions from the court, is to be attributed to the defendant, and to have been occasioned by its negligence. By its negligence, therefore, the fire which burned the plaintiff's woodlands was set in operation. The fact that it reached those woodlands by first burning the brush and other articles on other land, furnishes no new cause to which the injury can be ascribed.

What other circumstances might have been proven had the attention of the plaintiff been called to the objection now made, we cannot say. The issues were disposed of at the trial, irrespective of the question, and it needs no further discussion.

It is also claimed that errors occurred in rulings on evidence, and upon requests to charge. We have examined the exceptions so presented, and find no one which requires other comment than that they appear to be without merit.

The judgment and order appealed from should be affirmed.

All concur, except PECKHAM, J., not sitting.

Judgment affirmed.