NORMAN J. ROSE, Appellant, *v.* PENNSYLVANIA RAILROAD
COMPANY, Respondent.

*Negligence — railroads — proximate cause — action to recover for
burning of plaintiff's property through spread of fire originating on
defendant's right of way — when complaint properly dismissed.*

Rose v. *Pennsylvania R. R. Co.,* 199 App. Div. 949, affirmed.

(Argued May 4, 1923; decided May 29, 1923.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered November 16, 1921, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was commenced by the plaintiff to recover for the alleged negligent destruction of certain buildings, trees and personal property as a result of a fire set by the defendant. Plaintiff's farm is bounded on the west by the defendant's railroad, which runs in a substantially north and south direction at this point, and is upon a side hill or embankment some fifteen or twenty feet above the plaintiff's land. Between the right of way and plaintiff's lands is a stream about twelve feet in width. West of the defendant's right of way is a ravine and pasture owned by one Edwards. West of this pasture are three fields of about twelve, six and seven acres and beyond them about half a mile from the railroad there are woods. The fire originated on the right of way west of the track, and ran into the ravine on the Edwards farm, where there was heavy grass, and up to a pine stump fence on the Edwards place, which was at right angles to the railroad. There was a heavy wind blowing from the west at the time, which carried brands or sparks from the stump fence across the intervening lands of Edwards, the railroad right of way and the stream to the east, igniting a straw stack on the land of the plaintiff, which was piled up against his barn, causing the destruction of the barn and contents and some fruit trees. The complaint was dismissed on the ground that defendant's negligence was not the proximate cause of the burning of plaintiff's property.

· *Mortimer L. Sullivan* for appellant.

*Alexander S. Diven* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ.   Absent: ANDREWS, J.

---

BELL CLOTHES SHOP, INC., Appellant, *v.* HARRY KAMBER, Trading as H. KAMBER & Co., Respondent.

*Contract — sale — action to recover for breach of contract of sale — defense of Statute of Frauds — insufficiency of memorandum.*

*Bell Clothes Shop, Inc.,* v. *Kamber,* 204 App. Div. 1, affirmed.

(Argued May 7, 1923; decided May 29, 1923.)

APPEAL from a judgment, entered December 15, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint. The action was brought to recover damages for the failure of the defendant to deliver goods claimed to have been purchased by the plaintiff's assignors. The defense was the Statute of Frauds. Plaintiff relied upon a memorandum of sale given by the defendant's agent, which had upon the letterhead the defendant's name. It was not otherwise signed by any one. In this memorandum of sale was a provision that the sale was subject to the approval of the home office. There was no writing showing such approval, the plaintiff relying upon an oral statement made by defendant that the sale was all right and that the defendant would deliver the goods. The Appellate Division held that the memorandum was insufficient under the statute.

*Samuel J. J. Rawak* and *Edward C. Weinrib* for appellant.

*I. Maurice Wormser* and *Lazarus Joseph* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.