THOMAS E. MOORE, Respondent, *v.* VAN BEUREN AND NEW YORK BILL POSTING COMPANY, Appellant.

First Department, March 7, 1924.

Negligence — action to recover value of lumber burned as result of fire started on nearby lands — verdict in favor of plaintiff that defendant's servants negligently started fire is not against evidence nor excessive — land of plaintiff on which lumber was piled did not abut land on which fire was started — defendant is not liable.

In an action to recover the value of lumber which was burned as the result of fire started by defendant's servants on land occupied by it, the verdict of the jury that the fire was negligently started by defendant's servants is not against the weight of the evidence and the amount awarded to the plaintiff by the jury is not excessive.

However, the defendant is not liable for the damage caused by the fire, since it appears that plaintiff's land does not abut on the land on which the fire was started, but that there are intervening parcels owned by third persons over which the fire spread before reaching plaintiff's lumber. It was error for the court to refuse to charge that if the jury found that the fire was communicated to the plaintiff's lumber by spreading across the lands of other owners intervening between those of the plaintiff and the land on which the fire was started, the jury must find for the defendant.

MARTIN, J., dissents.

APPEAL by the defendant, Van Beuren and New York Bill Posting Company, from a judgment of the County Court of Bronx county in favor of the plaintiff, entered in the office of the clerk of said county on the 2d day of March, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 6th day of April, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Greene & Hurd* [*George L. Hubbell, Jr.,* of counsel; *Daniel S. Murphy* with him on the brief], for the appellant.

*Mark Goldberg* [*Louis Kunen* with him on the brief], for the respondent.

MERRELL, J.:

The action is brought to recover the value of a quantity of second-hand lumber and building material consisting of windows and doors, which were stored by the plaintiff upon his vacant lot situate on Lurting avenue (so called) near Boston road in the borough of The Bronx. Plaintiff's lumber and material, according to the testimony, consisted of four doors, forty-one windows, and 27,300 feet of lumber, which had formerly been built into officers' training quarters at Camp Upton and which the plaintiff had bid off at auction. The plaintiff had taken down the training quarters and removed the lumber, doors and windows to said lot, where he piled them up in a pile about sixteen by twenty feet and covered the same over with tarred paper for protection from the elements. This pile of building material was destroyed by fire on March 14, 1922. It is the claim of the plaintiff that the fire was started by employees of the defendant, a billposting concern, whom plaintiff charges with having negligently set fire to some papers near one of the defendant's billboards on the Boston road and at a distance, as testified to by the plaintiff, of 150 feet in a direct line from his pile of lumber. Another of plaintiff's witnesses places the distance at 200 feet. The billboard in question faced Boston road and was a short distance from the road in a southeasterly direction. Plaintiff's lumber pile was stored further to the southeast on plaintiff's lot. The territory in the vicinity of the billboard and the lumber pile, while laid out into streets and avenues and building lots, had never been developed, but prior to the fire was substantially an open field covered with grass and perhaps some low bushes. As shown by the diagram introduced in evidence, plaintiff's Exhibit 4, the billboard was situated upon a triangular piece of land lying along Boston road, and was bounded on the southwest by Boston road, on the southeast by Lurting avenue, and on the south by

23

First Department, March, 1924. [Vol. 208

Adee avenue. However, Lurting avenue and Adee avenue had never been opened, nor had the lots on these avenues ever been actually built upon; but the whole territory, as before stated, consisted of an open field covered with grass. The plaintiff's testimony was to the effect that three or four employees of the defendant came to the scene on the morning of March 14, 1922, and proceeded to repost two of their billboards in that vicinity. One of these boards was the one along Boston road. Those claiming to be eye-witnesses of the starting of the fire testified that defendant's workmen, who had with them the defendant's truck bearing the defendant's sign upon it, first removed from the billboard paper and bills previously posted thereon, preparatory to reposting said board; that said removed paper was placed in a heap about ten feet back of the billboard and in the direction of plaintiff's lumber pile; that after they had reposted the board, these workmen set fire to the pile of papers; that the wind was blowing at the time toward the lumber, and that the fire ignited the dry grass, and ran across the intervening streets and lands to and upon the lot of the plaintiff, and set fire to and destroyed his building material. A number of witnesses were sworn by the plaintiff to establish the manner in which the lumber was destroyed as before stated.

Witnesses on the part of the defense, consisting of defendant's workmen, denied positively setting any fire, and claim to have taken what few scraps of paper were removed from the board preparatory to reposting away with them when they left for their lunch at noon; and that when they returned the lumber had been burned. They insist that they set no fire and saw no fire before leaving; and that when they returned there was a considerable space southeast of their billboard which had not been burned over. This, of course, raised a question of fact which the verdict of the jury in plaintiff's favor resolved against the defendant.

Considerable evidence was given on values, plaintiff's main witness placing the value of the lumber and material destroyed at $1,337, while witnesses for the defense placed the value at a much lower figure.

It is claimed by the appellant that the verdict was against the weight of the evidence, and also was excessive. I do not think there is any such preponderance of the evidence in favor of the defendant as to require the granting of a new trial as against the weight of the evidence, nor do I think that we can say the verdict of the jury was excessive.

The defendant, however, raised upon the trial another question which I think requires a reversal of the judgment and the dismissal of the complaint. The evidence shows that, between the

plaintiff's lot where this lumber was located and the point where it is claimed the defendant's employees negligently set the fire, there intervened several other lots owned by different people; and that there also was intervening Adee avenue and Lurting avenue, perhaps at the junction of said streets.   Objection was made by counsel for the defendant during the trial to the admission of testimony relative to this fire, upon the ground that there was no liability on the part of the defendant because of the remoteness of the destroyed property from the point where it is claimed the fire originated.   A motion for a nonsuit was made at the close of the plaintiff's case, upon the ground that the plaintiff had failed to make a case against the defendant and had failed to show within the authorities that the alleged negligence of defendant's employees was the proximate cause of plaintiff's loss.   At the close of the charge of the trial judge counsel for the defendant requested the court to charge the jury that, if the jury found that the fire was communicated to the plaintiff's property by spreading across the lands of other owners intervening between those of the plaintiff and the defendant, the jury must find for the defendant.   The court refused to so charge, to which counsel for the defendant duly excepted. I think these objections and exceptions presented error requiring a reversal of the judgment rendered and the dismissal of plaintiff's complaint.

The law is well settled in this State that the limit of liability caused by a fire negligently set and allowed to spread and destroy property is the damage sustained by the owner of abutting lands, and that there can be no recovery for injuries sustained by proprietors of lands not adjoining the premises of the one responsible for the origin of the fire, as being too remote.   (*Hoffman* v. *King*, 160 N. Y. 618; *Van Inwegen* v. *Port Jervis, M. & N. Y. R. R. Co.*, 165 id. 625; *Dougherty* v. *King*, Id. 657; *Davies* v. *D., L. & W. R. R. Co.*, 215 id. 181.)

I am unable to distinguish the facts in the case at bar from those in *Hoffman* v. *King* (*supra*).   In that case fire was started negligently by a railroad company, of which the defendants were receivers, by the dropping of coals from a passing locomotive, and the fire spread upon adjacent territory which consisted of wood land or wild land, and after burning over the same, passed to and upon the lands of the plaintiff, destroying timber and wood thereon. The Court of Appeals divided upon the question as to liability of the defendants for the damage sustained by the plaintiff, a majority of the court, however, in an opinion by Judge HAIGHT, holding that the origin of the fire was too remote, and that because the fire was not directly communicated to the plaintiff's property from

that negligently set by the defendants, she could not recover therefor. The fire in that case ran from the railroad inclosure some two miles across intervening property before reaching the premises of the plaintiff. In the course of the prevailing opinion of the court, Judge Haight, writing, reviewed at great length the leading cases and decisions of the court, commencing with the English decisions and statutes and continuing down to the time of the presentation of the appeal to the Court of Appeals. From the discussion of Judge Haight's opinion it appears that there was at one time considerable inclination of the courts to hold that there might be some modification of the rule as to proximate and remote causes, but that finally it was deemed necessary to adopt a somewhat arbitrary but workable rule which should govern the question. *O'Neill v. N. Y., O. & W. R. Co.* (115 N. Y. 579) was discussed by Judge Haight. In that case sparks from a passing locomotive had set fire to brush, old ties, cut grass and other combustible material which had been permitted to accumulate on the railroad right of way. The fire spread to the lands of C, and from those to the lands of the plaintiff. The plaintiff was permitted to recover. On review in the Court of Appeals it was claimed that the damages were too remote. It was, however, held in the Court of Appeals that that question was not presented and could not be reviewed because it was not raised at the trial. Danforth, J., writing for the Court of Appeals in that respect said (at p. 584): " The fact that land of a third party intervened between the woodland of the plaintiff and the defendant's road cannot be doubted, but that alone is not decisive. Other circumstances would control, and, if not already apparent in evidence, we cannot say that further testimony would not have shown that the result was to have been anticipated from the moment fire dropped upon the defendant's premises, and that the destruction which happened to the plaintiff's property was the natural and direct effect of the first firing. If so, it was not remote."

In discussing *O'Neill v. N. Y., O. & W. R. Co.* in *Hoffman v. King* (160 N. Y. 618), Judge Haight says (at p. 627): " If the comments in the opinion in the *O'Neill* case are to be adopted as the basis of liability in future cases, then a different rule must be recognized with reference to fires set upon woodlands from that existing in cities, towns and villages. In the *O'Neill* case the question now under consideration was not raised, and the learned judge writing the opinion says: ' It, therefore, can not be listened to.' He, notwithstanding, did proceed to comment upon the question as we have shown, and it is doubtless true that since the publication of the opinion the courts of original jurisdiction and the legal profession have generally supposed that a new rule had been adopted.

It is, however, clear that the comments were not essential to the decision then made, being merely dictum, and we consequently are at liberty to again consider the subject."

Judge HAIGHT then proceeds to show that there should be no distinction between the rule to be applied to a fire on woodlands and that in cities and villages; and that while inflammable material is common upon woodlands, and a fire once ignited will continue to burn until checked by change of wind or quenched by the fall of rain, the same is also true with reference to villages and many of our large cities, where buildings are cheaply constructed of wood.   Further, Judge HAIGHT says (at p. 627):  " Exceptions to the general rule are not favored in the law, unless a necessity therefor exists.   *   *   *   What then is the rule of liability for fires negligently set?   We think this question is fully answered by the common law and the cases in our own court, to which we have referred.   *   *   *   If a person negligently throws a live coal of fire upon another's building, causing it to burn, the damages are the direct result of a negligent act, and the result is that which the ordinary mind would reasonably expect.   If a person lights a fire upon his own premises, upon which he has maintained inflammable material extending to his neighbor's lands, and the fire, fed by this material, spreads upon abutting lands, the damage is the proximate result of the act and a liability exists, and this, we think, is the limit.   It is contended that liability ought not to be thus limited; that a fire once set may run across the lines of an abutting owner and upon lands of other proprietors, causing damage.   It must be conceded that such a result often happens.   It did in the case we have under consideration.   But where is the line to be drawn?   Shall it be one mile, two miles or ten miles distant from the place of the original starting of the fire?   Who is to specify the distance?   It is suggested that it might be left to the jury; but a jury in one part of the State might answer one mile, and in another part it might determine the rule of liability to extend ten miles.   The evidence upon this branch of the case is undisputed, and in such cases the question as to what is proximate cause is always for the court and not for the jury.

" While we appreciate the force of the argument in favor of extending the rule of liability, and recognize the fact that a limitation of the rule will deprive many persons of a right of action for damages, we are convinced that the old rule is wiser and more just and that we ought not to depart from it.   The limitation may be somewhat arbitrary, but it recognizes the principle that we should live and let live.   Fires often occur from the trivial acts of most prudent persons.   Great conflagrations are daily reported.   Not

long since one of our largest cities substantially disappeared within a single day.  No person, however cautious, is exempt; misfortune may overtake him in a forgetful moment, or through fault in the members of his family or servants.  No man is able to answer for all the remote consequences of his acts and those for whom he is responsible.  Hence, the wisdom of the rule of proximate cause which, as defined by Webster, is that which immediately precedes and produces the effect.  The fire set by the defendant did not immediately precede the fire upon the plaintiff's land; other lands intervened covered with inflammable material over which the defendant had no control, and without which the fire could not have extended upon plaintiff's premises.  The drought, atmosphere and wind were the principal agents assisting the fire in its work of destruction, and were the intervening causes of the damage.  It is unfortunate for the plaintiff, but we think her damage was the remote and not the proximate result of the defendant's fire."

Judge Vann wrote a dissenting opinion in *Hoffman* v. *King*, in which Chief Judge Parker concurred; but the decision of a majority of the court, so far as I know, has never since been questioned and has been repeatedly followed by subsequent decisions of that court.  (*Van Inwegen* v. *Port Jervis, M. & N. Y. R. R. Co.*, 165 N. Y. 625; *Dougherty* v. *King*, Id. 657; *Davies* v. *D., L. & W. R. R. Co.*, 215 id. 181.)

In the case last cited (*Davies* v. *D., L. & W. R. R. Co.*) an attempt was made to extend the rule of proximate and remote causes as stated in *Hoffman* v. *King*.  In that case the defendant railroad had negligently permitted coals to drop from one of its locomotives and to set fire to refuse which had been allowed to accumulate along it right of way.  The fire caused thereby spread to and upon the adjoining lands of the plaintiff, destroying two warehouses thereon which were separated by a driveway thirteen and one-half feet in width.  The fire also destroyed a quantity of rough hemlock piled near one of the destroyed buildings, and a quantity of shingles on a car standing on a switch near them.  It was the contention of the defendant railroad company that there could be no recovery by the plaintiff for the destruction of the second building or for the lumber or shingles, unless the fire which destroyed them took directly from the sparks of the defendant's locomotive, the defendant claiming the original fire was the remote cause of the destruction of plaintiff's second building, the hemlock lumber and shingles.  The trial court held with the defendant, and the Fourth Appellate Division affirmed..  (155 App. Div. 943.)  Upon appeal to the Court of Appeals, however, upon

the authority of *Hoffman* v. *King; Van Inwegen* v. *Port Jervis, M. & N. Y. R. R. Co.* and *Dougherty* v. *King* (*supra*), the Trial Term and Appellate Division were reversed and the defendant held liable for the destruction of both buildings and the lumber and shingles upon plaintiff's adjacent property. The Court of Appeals thus adhered to and approved of the rule adopted in *Hoffman* v. *King.* In writing in *Davies* v. *D., L. & W. R. R. Co.,* Judge MILLER said: " It is the settled law of this State that the limit of liability for damages caused by a fire allowed to spread from one's premises to his neighbor's is the damage to the abutting lands, and that damages to the lands of other proprietors not adjoining the premises of the one responsible for the origin of the fire are too remote. (*Hoffman* v. *King,* 160 N. Y. 618; *Van Inwegen* v. *Port Jervis, Monticello & New York R. R. Co.,* 165 N. Y. 625; *Dougherty* v. *King,* 165 N. Y. 657.) The prior decisions of this court were reviewed in the two opinions delivered in the *Hoffman* case, and a workable, if somewhat arbitrary, rule was adopted. It should be adhered to, but not extended." This clearly indicates that there has never been any intention to change the rule as enunciated by the Court of Appeals in *Hoffman* v. *King.*

The respondent attempts to distinguish the facts in the case at bar from those in *Hoffman* v. *King* and kindred authorities. *First,* the respondent claims that the fire in the case at bar was intentionally set by the defendant's employees; that they saw it burning and left it in that condition. I can see no distinction from the facts in the *Hoffman* case in that respect. In either case the fires were negligently set, and it makes no difference whether it was caused by the negligent dropping of coals from a locomotive or the careless setting fire by the defendant's employees. In either case it was a negligent act on the part of the defendant or its employees. Certainly the defendant's employees, if they set fire to the pile of papers, had no intention to destroy plaintiff's property. At most they were negligent. The respondent also tries to distinguish the facts in the case at bar from those in the *Hoffman* case; that in the latter case the fire, before destroying the property sued for, ran some two miles, while in the case at bar the distance over which it ran was 200 feet or less. It seems to me no distinction exists from those facts. In the *Hoffman* case, as in the case at bar, there intervened between the point where the fire was negligently set and the point where the property was destroyed, inflammable material which was capable of burning continuously and transmitting the fire from its original source to the plaintiff's property. In the *Hoffman* case the inflammable material was timber land and bushes, whereas in the case at bar it was grass and bushes

Nor is it possible, it seems to me, to fix any workable rule or point where a cause may cease to be proximate. If left to a jury to decide that question, one jury might say that property destroyed a half mile distant from the source would be too remote. Another jury might say that 100 feet would be too remote. And still another jury might say that under the existing conditions a fire might run ten miles and resulting damage still be the direct result of the original fire. I see no reason in this case for relaxing the rule, arbitrary though it was, which was enunciated in *Hoffman* v. *King,* and which was to the effect that only the owner of property adjacent to that upon which the fire originated could recover damages for his property destroyed by reason of the negligence of the owner of the property where the fire started.

The judgment and order appealed from should be reversed, with costs, and the plaintiff's complaint dismissed, with costs.

CLARKE, P. J., SMITH and FINCH, JJ., concur; MARTIN, J., dissents.

Judgment and order reversed, with costs, and complaint dismissed, with costs.