## HARRIMAN & N. E. R. CO. v. JAMES.

Eastern Section. August 29, 1925.

Certiorari denied by Supreme Court October 10, 1925.

1. **Railroads.** **Permitting highly inflammable _material to accumulate on right-of-way actionable.**

A railroad permitting trash and inflammable material to remain on its right-of-way is liable for damage to other property by fire starting on right-of-way.

2. **Justices of the peace. Sufficiency of warrant, not questioned by motion in arrest of judgment, not reviewable.**

Validity of warrant should be tested by motion to quash or motion in arrest of judgment and without such a motion the subject is not open to review on appeal since Shannon's Code, section 4585, cures omission of matter of form and plaintiff is entitled to determination of trial judge as to sufficiency of warrant.

Appeal in Error from Circuit Court, Roane County; Hon. S. C. Brown, Judge.

Affirmed.

H. M. Carr, of Harriman, for plaintiff in error.

R. B. Cassell, of Harriman, for defendant in error.

PORTRUM, J. This suit originated before a justice of the peace and resulted in a judgment in the justice's court in favor of the plaintiff below for the sum of $316.25 as damages for destroying by fire his meadow and timber, on November 1, 1923.

The defendant railway company appealed to the circuit court, where the case was heard before a judge and jury, and a verdict rendered in favor of the plaintiff below and judgment pronounced for the sum of $175. The defendant below entered a motion for a new trial and, it being overruled, prayed and perfected an appeal to this court. He assigns error here upon two grounds: First, there is no evidence to support the verdict of the jury and the court was in error in overruling his motion for a new trial; second, the court committed error in overruling a motion made at the close of all the evidence for a directed verdict in favor of the defendant.

The facts are practically agreed upon. The railway company states that there is no question but that the fire burned over defendant in error's land, and that it started from and near the right-of-way, the proof shows it started upon the right-of-way, and, further there is no question but that one of plaintiff in error's trains passed through this farm going toward Petros 15 or 20 minutes before the fire was discovered. But it is insisted there is no evidence in the record showing that this or any other train caused the fire in question. No one saw any train emitting sparks, nor was it shown any train carried fire, and there is no proof that any train of the company emitted sparks at this place; therefore the defendant in error wholly failed to connect the railway company with this fire. He proved a fire and that a train passed 15 or 20 minutes before the fire was discovered.

The railway company, through its counsel, makes the following admission, which is important, because, under the assignment of error, the court is seeking to determine if there be any evidence to sustain the verdict of the jury. The admission appears in a brief and is stated as follows:

"There was some evidence showing the grass and weeds had been mowed down and left on the right-of-way; that these were dry, etc., but the warrant does not charge negligence for the manner in which plaintiff in error kept its right-of-way, and such evidence will not be considered for any purpose."

At another place in the brief of counsel it is stated:

"There is nothing whatever in this record to show that the Harriman Northeastern Railway Company was guilty of any negligence in respect of this fire, except it might be for not keeping its right-of-way free from combustible materials, and as to this there can be no recovery because such negligence is not averred in the warrant."

The record amply justifies the admission of counsel in reference to the fact that the railway company permitted dry and combustible materials to remain upon its right-of-way and in close proximity to its tracks and also adjacent to the lands of the defendant in error; that the material consisted of briers, brush, weeds, and grass which had been cut some weeks prior to the fire and left and piled on the right-of-way; the season was very dry at the time of the fire and had been so for some time prior thereto.

There can be no question but that the proof established a cause of action against the railroad company due to its negligence in leaving this highly combustible material piled upon its right-of-way, and aside from the question of whether or not the warrant alleged this as a ground of negligence, it can hardly be questioned that there is material evidence to support the verdict. Liability for permitting trash or inflammable material to remain upon the right-of-way is established in this state by the case of Railway Co. v. Lumber Co., 130 Tenn., at page 364, 170 S. W., 594, where it is said:

" 'It is negligence on the part of a railroad company to place combustible materials, or to allow rubbish to accumulate, so near its track that they will be likely to take fire from sparks necessarily emitted by the engine and as a natural and probable result ignite and damage another's property, which will render the company liable for such damage.' O'Neill v. New York, Ontario & Western R. Co., 115 N. Y., 579, 22 N. E., 217, 5 L. R. A., 591.

" 'The fact that the railroad company has used the proper precautions in constructing, equipping with proper appliances, and in managing its engines is immaterial, and does not relieve it from liability in case a fire started on its right-of-way by such an engine is communicated to adjoining property by reason of its negligence in permitting combustible material to accumulate along its roadway.' 33 Cyc., 1340, 1341.

" 'A railroad company cannot escape liability for injury to abutting property by fire set out on its right-of-way through its negligence in permitting the accumulation of rubbish thereon, by showing that its engines were in proper condition and ·skillfully handed.' Hawley v. Sumpter Railway Co., 49 Or., 509, 90 P., 1106, 12 L. R. A. (N. S.), 528.

"We think the evidence of the existence of dead brush, leaves, etc., of a combustible or inflammable nature, on the railroad right-of-way, adjacent to the property of the lumber company, together with the evidence tending to show that the fire in question originated in said combustible matter on the right-of-way and spread to the lumber company's property, was sufficient to take the case to the jury, and that there is evidence to support the verdict."

Under the record the trial judge correctly overruled the motion for a directed verdict, and also the motion for a new trial, assigning as ground that there was no evidence to support the verdict unless plaintiff in error is correct in insisting that under these two assignments of error this court can examine into the sufficiency of the warrant to determine whether or not a cause of action has been sufficiently stated.

It has been the uniform practice, in questioning the sufficiency of a justice of the peace warrant, to do so by motion to quash—but this is not necessary, as Judge Shields has stated the defendant does not have to point out his adversary's mistakes—or to file a motion in arrest of judgment after verdict has been had. We have found no authority, and none has been cited us, that this question can be raised by the methods attempted in this court. Judge Buchanan, in the case of Railroad v. Davis, 127 Tenn., at page 171, 154 S. W., 531, has stated the correct procedure, which was the accepted and practiced method. He says:

"A motion in arrest of a judgment founded upon such a warrant is the proper step by which, after being so cast, the defendant may test the validity of the warrant."

See, also R. R. v. Flood, 122 Tenn., 56, 113 S. W., 384.

The defendant in error insists that the warrant is sufficient, and he is entitled, under the practice, to have the trial judge pass upon the sufficiency of the warrant to see whether or not the omissions complained of are matters of form and not of substance, the omissions of matters of form being cured by the statute, Shannon's Code, section 4585, and in the absence of a ruling by the lower court upon this question precludes this court, under its rules, from determining the matter, there being nothing to review, and under the rule the insufficiency is considered waived. Rules, subsections 4 and 5, paragraph 11, read as follows:

"4. No assignment of error in any case brought to this court for review can be predicated upon . . . any defect in the pleadings . . . unless it affirmatively appears in the record that the omission, defect or error are seasonably called to the attention of the trial judge and ruled on adversely to the party complaining, otherwise the same may be treated as having been waived, or cured in the trial court.

"5. . . . Nor will any supposed motion in arrest of judgment be considered unless it appears that the same was specifically stated in the motion, seasonably made in the trial court, for that purpose, and held insufficient. 148-Tenn., 714."

This court is wholly without authority to examine into the sufficiency of the warrant in this case for the reasons above stated, but must treat the warrant as sufficient and as stating a cause of action conforming to the proof. There being evidence to sustain the verdict, each of the assignments of error are overruled.

The case is affirmed, and a judgment will be entered here against the plaintiff in error and in favor of the defendant in error for $175, and a judgment for cost and interest from the date of the judgment in favor of the said defendant and against the plaintiff in error and the surety on its bond.

Snodgrass and Thompson, JJ., concur.