## COLE v. PENNSYLVANIA R. CO.

District Court, W. D. New York. June 17, 1929.

Mortimer L. Sullivan, of Elmira, N. Y., for plaintiff.

Alexander S. Diven, of Elmira, N. Y., for defendant.

HAZEL, District Judge. In this action at law to recover damages arising from the asserted negligence of the defendant railroad company, a citizen of Pennsylvania, the plaintiff being a citizen of this state, a trial by jury was waived, pursuant to a stipulation in writing of the parties, and the issue has been tried before the court.

There is no serious disagreement as to the facts and circumstances which preponderatingly show that on April 19, 1928, after a train of defendant, moving through the town of Ashland, Chemung county, N. Y., had passed the adjacent land of one Bentley, a fire started on the right of way of the defendant. It is elicited that the wind blew severely at the time from the west, and the fire spread over Bentley's abutting land to the land of Gustin, and then reached the premises of plaintiff, located about 2,000 feet from the railroad track. In two directions the fire rapidly burned over dry grass, weeds, and débris between the right of way and plaintiff's property, across the meadow of Bentley, the highway, the grassy, stubbled meadow of Gustin, along a gully south of Bentley's land, as shown on the map and photographs in evidence, and thence to plaintiff's land, destroying a building, farm tools, live stock, and also injuring a timber lot owned by plaintiff. The fire apparently led from a point about five feet from the tracks. The grass there was approximately twelve to fifteen inches high. It was dried, and the fire spread rapidly over the terrain. As bearing upon the emanation of the fire, it was evidenced that before it was first observed there was no other fire in the immediate vicinity; and the evidence tended to show that the train, concededly laboring up a heavy grade, was hauled by a powerful locomotive and pushed by another.

The McCann brothers, from a distance of a quarter of a mile away, saw smoke rise up from the grass, quickly followed by a blaze on Bentley's farm adjoining the right of way of defendant, soon after the train passed, and that the fire started just over the fence, and in a short time came along the highway. No sparks or flame were perceived at this time, but volumes of black smoke came from the smokestack of the forward engine. There was a second fire, which they extinguished, and the grass was burning close to the track.

Although no eyewitness saw flames or burning cinders come from the smokestack of either engine, yet the circumstance to which reference has been made, and generally the testimony of other witnesses, convincingly shows that the fire started on the railroad right of way, and in its progress was communicated to plaintiff's farm.

Maintaining inflammable material on the right of way and permitting sparks to ignite it was a negligent act imputable to the defendant. Eddy v. Lafayette, 163 U. S. 457, 16 S. Ct. 1082, 41 L. Ed. 225; Southern Ry. Co. v. Dickens, 161 Ala. 144, 49 So. 766; Hoffman v. King, 160 N. Y. 618, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715; also McCullen v. Chicago & N. W. R. Co. (C. C. A.) 101 F. 66, 49 L. R. A. 642.

The principal point relied on by the defendant company to defeat plaintiff's cause of action is that, according to the settled law of this state, liability for fire, even though negligently caused, does not extend beyond the property of the abutting owner, or, in others words, that the damage to the abutting lands is the limit of liability. Numerous adjudications are cited to support this rule. It will suffice to cite on this point Hoffman v. King, 160 N. Y. 618, 55 N. E. 401, 46 L. R. A. 672, 73 Am. St. Rep. 715, Moch Co. v. Rensselaer Water Co., 247 N. Y. 166, 159 N. E. 896, and Moore v. Van Buren, etc., Co., 208 App. Div. 355, 203 N. Y. S. 305. The fire, before reaching plaintiff's property, as already pointed out, had to pass over two intervening farm lands and over a dirt road. It is therefore important to ascertain whether this court is required to apply the decisions of the courts of this state, on the theory that the question involved is purely of local significance, or, on the other hand, whether the facts and circumstances relating to the proximate cause of the disaster are such that, as plaintiff contends, the general law, as announced by the federal courts, alone is controlling, and is at variance with the state decisions upon which defendant relies.

There is no statute in this state regulating the liability of railroads for damages by fire having its origin on railroad property and resulting from the emission of sparks from the smokestack of a locomotive (except where the railroads pass through forests). The ruling in the Hoffman Case is said to be a following of the common law, and to impose liability for damage to property located away from that of an abutting owner, and to which the fire has been communicated, is

not ordinarily anticipated. Such damages, Judge Haight said, would not reasonably be expected from the negligent act; and the logic of the rule apparently rests upon the fact that the damage was not the direct, immediate consequence resulting therefrom. To extend the doctrine to include damages from causes which did not immediately and directly eventuate from the fire would not comport, as the adjudications of this state point out, with reason or expectation, especially as atmospheric conditions or intervening causes might be contributory to the damage to the owner of other lands remote from the place of the initial fire.

In support of plaintiff's contention that the proximate cause is one of general law, which, if applied in the instant case, is contrary to the decisions of the courts of this state, emphasis is laid upon the decision of the Supreme Court in Milwaukee & St. Paul R. Co. v. Kellogg, 94 U. S. 474, 24 L. Ed. 256. I am, however, unable to give it the contended interpretation. In that case the fire was communicated from a steamboat to an elevator on the bank of the river, both owned by the defendant. The distance from the elevator to plaintiff's sawmill was 538 feet, and to the nearest lumber pile 388 feet. Plaintiff's property abutted that of defendant, and there was dispute as to the title of the land upon which the mill stood. Defendant contended that the injury was too remote from the negligence to warrant recovery; and the learned court discussed the question of proximate cause, namely, whether there was an unbroken connection between the wrongful act and the damage, saying:

"But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances."

Reference was then made in the opinion to the direction of the wind, the combustible character of the elevator (a pine wood structure), its great height (120 feet), and its nearness to the sawmill and lumber of combustible nature, and it was pointed out that these circumstances should have been foreseen, and, though they were ignored in the request for instructions to the jury, yet, for manifest reasons stated, the defendant "might well have anticipated or regarded the probable consequences of its negligence as much more far-reaching than would have been natural or probable in other circumstances."

The difference between this decision and the decision in the Hoffman Case seems to me to be that in one the court ruled that the circumstances were such that defendant should have foreseen the probability of injury from fire to the mill and lumber, while in the other the circumstances were not such as to lead the ordinary mind to reasonably expect the damage as a probable result of the negligence.

No federal adjudication is drawn to my attention which definitely disagrees with the principle of limitation of liability to the loss of an abutting owner, or that, upon fire communicating to the lands of a third person, it is the proximate result of the first fire. It is true that in 42 A. L. R. p. 822, the author states that one liable for the spread of fire is liable for the destruction of property not immediately adjacent to that on which the fire originated, and that such happening does not make the loss remote. In support of this statement, the author cites O'Neill v. N. Y., O. & W. R. Co., 115 N. Y. 579, 22 N. E. 217, 5 L. R. A. 591, which was decided in 1889. There the negligently started fire injured woodlands; and, on review, it was claimed that the damages were too remote— a claim, however, that the court declined to review on the ground that the point was not presented to the trial court.

In the Hoffman Case comment was made on the O'Neill Case, the Court of Appeals declaring that wherein Judge Danforth, among other things, said: "The fact that land of a third party intervened between the woodland of the plaintiff and the defendant's road * * * alone is not decisive," and in effect would not bar recovery, was mere dictum, and consequently it regarded itself as at liberty to again consider the subject, with the result that the decision in general did not receive approval or sanction.

It will not be useful to analyze all the decisions from other states, or reviews by the Supreme Court applying the rule of proximate cause, cited in plaintiff's brief, since, in my opinion, the question here presented is one of purely local law instead of general jurisdiction, and hence this court is controlled by the decisions of the Court of Appeals of this state. See 25 C. J. p. 846; City of Detroit v. Osborne, 135 U. S. 496, 10 S. Ct. 1012, 34 L. Ed. 260; and Iowa C. R. Co. v. Hampton Electric Light & Power Co. (C. C. A.) 204 F. 961. Although, as to questions depending upon the common law of a state the federal courts are not controlled by state decisions, yet, if they have become a settled policy with relation to a par-

ticular subject, they become the local law of the state. Snare & Triest Co. v. Friedman (C. C. A.) 169 F. 1, 40 L. R. A. (N. S.) 367. And in Hartford Fire Ins. Co. v. Chicago, M. & St. P. R. Co., 175 U. S. 91, 20 S. Ct. 33, 44 L. Ed. 84, there is analogy to the involved question. It was a case where a fire, negligently caused, damaged a warehouse leased by the railroad company, the lease providing that the lessor should not be liable for loss sustained by fire arising from its locomotive engines. The validity of the agreement was challenged by the plaintiff, which had been subrogated to the loss on payment of the fire policy, and the Supreme Court ruled that the validity of the agreement was governed by statutory and local law, and the lower federal court was upheld in following the state decision. The case arose in the state of Iowa, and the Supreme Court approved the language of the Circuit Court, wherein it said:

"It certainly cannot be denied that it is for the state to determine what safeguards must be used to prevent the escape of fire, and to define the extent of the liability for fires resulting from the operation of trains by means of steam locomotives."

In conclusion, I am constrained to hold that in the absence of a definite ruling by the Supreme Court, or by the Circuit Court of Appeals for this circuit, on similar facts as here presented, this court should not disregard the settled rule, in this state, relating to nonliability for damage caused by fire communication to the property of the plaintiff who was not an abutting owner, and through property of other persons over which the defendant had no control. Other adjudications cited in plaintiff's brief have been examined, but are not deemed apposite.

An order may be entered dismissing the complaint for failure to state a cause of action, with costs.