HOMAC CORPORATION et al., Respondents, *v.* SUN OIL COMPANY, Appellant.

(Argued February 11, 1932; decided March 3, 1932.)

*William H. Harding* for appellant. Neither the plaintiff Homac Corporation nor the defendant owned any part of the intervening street and they were, therefore, not adjoining or abutting owners. (*Matter of City of New York,* 209 N. Y. 344; *Monogram Development Co.* v. *Natben Construction Co.,* 253 N. Y. 320; *Ansorge* v. *Belfer,* 248 N. Y. 145; *Ryan* v. *N. Y. C. R. R. Co.,* 35 N. Y. 210.) Whatever the cause of the fire it was not the proximate cause of the destruction of the Homac Corporation's premises. (*Ryan* v. *N. Y. C. R. R. Co.,* 35 N. Y. 210; *Hoffman* v. *King,* 160 N. Y. 618; *Moore* v. *Van Beuren & New York Bill Posting Co.,* 208 App. Div. 352; 240 N. Y. 673; *Rose* v. *Pennsylvania R. R. Co.,* 236 N. Y. 568; *McDonough* v. *N. Y. C. R. R. Co.,* 124 App. Div. 38; *Read* v. *Nichols,* 118 N. Y. 224.)

*George W. O'Brien, Jesse E. Kingsley* and *H. Duane Bruce* for respondents. The fire resulted from defendant's negligence. (*Couslish* v. *Standard Oil Co.,* 122 N. Y. 118; *Warner* v. *N. Y., O. & W. R. R. Co.,* 209 App. Div. 211; *Field* v. *N. Y. C. R. R. Co.,* 32 N. Y. 339; *Jacobs* v. *N. Y. C. R. R. Co.,* 107 App. Div. 134; *People* v. *N. Y. C. R. R. Co.,* 155 App. Div. 699; *Hinds* v. *Barton,* 25 N. Y. 544; *Crist* v. *Erie Ry. Co.,* 58 N. Y. 638.) Whether defendant's negligence was the proximate cause of damage by fire to the Homac property was properly for the jury to determine. (*Milwaukee Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Sheldon* v. *Sherman,* 42 N. Y. 484; *Webb* v. *R., W. & O. R. R. Co.,* 49 N. Y. 420; *Pollett* v. *Long,* 56 N. Y. 200; *Lowery* v. *Manhattan Ry. Co.,* 99 N. Y. 158; *O'Neill* v. *N. Y., O. & W. R. Co.,* 115 N. Y. 579; *Read* v. *Nichols,* 118 N. Y. 224; *Frace* v. *N. Y., L. E. & W. R. R. Co.,* 143 N. Y. 182; *Hoffman* v. *King,* 160 N. Y. 618; *Rose* v. *Pennsylvania R. R. Co.,* 236 N. Y. 568; *Davies* v. *D., L. & W. R. R. Co.,* 215 N. Y. 181; *Moore* v. *Van Beuren & New York Bill Posting Co.,* 208 App. Div. 352; 240 N. Y. 673; *Nicoll* v. *Long Island R. R. Co.,* 232 App. Div. 435.)

KELLOGG, J. The defendant, a distributor of gasoline in the city of Syracuse, maintained a plant for its storage on premises owned by it on the north side of Turtle street. Storage tanks, designed to store gasoline in large quantities, had been erected upon the premises. The plaintiff Homac Corporation owned several buildings on the south side of Turtle street. The width of the street was sixty-six feet; the shortest distance separating the nearest of the defendant's tanks from the nearest building of the plaintiff Homac was seventy-seven feet. Turtle street, which intervened between the two properties, was a bare dirt roadway with no inflammable material appearing upon it. On a certain night the gasoline in one of the storage tanks exploded; fire was communicated to other tanks which exploded; flames shot into the sky; and the heat became intense. The fire, by spark, or flame, or through the intense heat generated, was communicated directly to the plaintiff Homac's premises; fire broke out in one building owned by that plaintiff and then in another, with the result that many buildings were destroyed. The evidence was sufficient to justify a jury in finding that the original explosion was due to the defendant's negligence. The jury found a verdict for the plaintiff owner, and a verdict for the insurance carriers of the owner, which had paid insurance to it, and been made parties plaintiff. The verdicts were substantial and a judgment thereupon has been affirmed. The appellant asserts that its negligence in causing the fire upon its own premises, within the meaning of *Ryan* v. *N. Y. C. R. R. Co.* (35 N. Y. 210) and other cases, was not the proximate cause of the destruction of the plaintiff's buildings.

The facts in *Ryan* v. *N. Y. C. R. R. Co.* (*supra*) were these: Sparks from the defendant's locomotive, emitted through "the defective bonnet of her smoke pipe," fell upon and ignited a shed upon the defendant's right of way; sparks from the burning shed ignited and destroyed

the house of the plaintiff. It was held that the burning of the plaintiff's house was not traceable to the negligence of the defendant in relation to the defective bonnet; that the fire in the railroad building was an intervening cause which broke the chain of causation leading from the defendant's negligence; that the damages were not the immediate but the remote result of the negligence of the defendant. " The immediate result was the destruction of their own wood and sheds; beyond that, it was remote" (p. 213). Recovery was denied. In the case of *Webb* v. *R., W. & O. R. R. Co.* (49 N. Y. 420), decided shortly thereafter, the facts were: Live coals were negligently permitted to drop from the defendant's locomotive; the coals set fire to a railroad tie; fire jumped from that tie to another at the side of the track; thence to an accumulation of dried grass; thence to the railroad fence; thence to the adjoining lands of the plaintiff, destroying the plaintiff's trees. It was held that the plaintiff might have a recovery. It is difficult, if not impossible, to reconcile the decision in that case with the decision in *Ryan* v. *N. Y. C. R. R. Co.* (*supra*). Thus, if in the *Ryan* case the discontinuous progress of the fire from the " bonnet " to the shed and thence to the plaintiff's house belied causal connection between the original fire and the house fire, then in the *Webb* case, where the plaintiff's trees were burned by a fire proceeding to them discontinuously from live coals negligently dropped, through the firing of at least four intermediate objects, there was even greater reason to say that causal connection did not exist. Indeed, if the reasoning in the *Ryan* case were carried to its logical result, no fire negligently set on a defendant's property, proceeding through the grass, blade by blade, to a plaintiff's property, could cause a fire thereupon. The court distinguished the *Ryan* case by stating that there the plaintiff's premises " were not in contiguity with those of the defendant " (p. 427).

Doubtless, the court, in making this assertion, had in mind a statement made in the opinion in the *Ryan* case that the plaintiff's house was " situated at a distance of 130 feet from the shed " (p. 210). Although this was the fact, it does not appear that the premises of the parties were separated by intervening lands. No such fact is stated in the record on appeal, in the briefs filed, or in any of the various opinions delivered in the case. All persons concerned must have deemed the question immaterial, for the fact of contiguity or non-contiguity was not established by the proof, and was not referred to either by judge or counsel. The whole point decided was that if building A is ignited through negligence and building B is ignited by sparks proceeding from building A, building A causes the second fire, and the original fire, negligently set, is not the cause thereof. However, whether or not the *Webb* case overruled the *Ryan* case, this is now the accepted rule: If a fire negligently starts upon a defendant's land, spreads to the land of an adjoining owner and destroys his buildings, the owner may recover for the loss of all the buildings, even though the fire be ignited in one building from a fire burning in another; whereas, if the fire spreads from a defendant's land to a plaintiff's building across intervening land there can be no recovery. (*O' Neill* v. *N. Y., O. & W. R. R. Co.,* 115 N. Y. 579; *Frace* v. *N. Y., L. E. & W. R. R. Co.,* 143 N. Y. 182; *Hoffman* v. *King,* 160 N. Y. 618; *Davies* v. *D., L. & W. R. R. Co.,* 215 N. Y. 181; *Read* v. *Nichols,* 118 N. Y. 224; *Moore* v. *Van Beuren, etc., Co.,* 208 App. Div. 352; 240 N. Y. 673; *Rose* v. *Pennsylvania R. R. Co.,* 236 N. Y. 568.)

What, then, shall be the rule, if a fire negligently set upon a defendant's land proceeds by sparks or flames across intervening land, nothing upon which is ignited, directly to the buildings of a plaintiff situated on premises not contiguous to the defendant's premises and ignites one of them? So far as the writer is aware, a decision

of that question has never been made by this court. However in the *Hoffman* case it was said that if a fire, negligently started on a defendant's land, " spreads " to a building on the abutting premises of a plaintiff and destroys it, there is liability; that, to constitute a legal cause, the defendant's fire must " immediately precede " the plaintiff's fire; that if other lands intervene, between the plaintiff and the defendant, " covered with inflammable material over which the defendant had no control, and without which the fire could not have extended upon plaintiff's premises," there would be no liability (p. 629).

Clearly, if a spark from a defective locomotive stack flies over intervening .land directly to ignite the house of a distant owner, the causes which " immediately precede " the fire are to be found in the negligence of the owner of the locomotive in respect to the defective stack. Certainly, in such a case, the intervening land, no part of which has been touched by fire, provides no element of causation. The case would be otherwise did the spark first set fire to an object upon the intervening land, sparks from which in turn set fire to the lands or buildings beyond. In the case now before us it appears that a public highway intervened between the property of the defendant and the property of the plaintiff, Homac corporation. The fire did not *spread* to the street and thence to the plaintiff's buildings; indeed, nothing upon the street was set afire. Flames or sparks, or intense heat proceeding from the defendant's property, passed directly to one of the plaintiff's buildings, causing its ignition and destruction, as well as the destruction of adjoining buildings. Therefore, even if title to the soil of the street was in the city of Syracuse, liability may properly attach.

The judgment should be affirmed with costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur.

Judgment affirmed.