Golia, J.
(dissenting and voting to reverse the order and deny plaintiffs motion for summary judgment in the following memorandum).
Plaintiff, an insurance carrier, is seeking reimbursement of payments made to its insured, Ms. Poole, whose premises allegedly suffered damage from both smoke and water, as the result of a fire from the neighboring premises. This neighboring premises was set on fire by its adjoining semi-attached premises owned by defendant. It is uncontested that the fire started on defendant’s premises as a result of his negligence.
Although it is undeniable that defendant’s negligence created the fire, there are nevertheless other issues which must be resolved. During the course of the fire being “fought” by the firefighters, the owner of this neighboring premises, according to her filed affidavit, instructed Ms. Poole to enter and close the windows on the second floor of her premises in order to prevent any water or smoke from getting into plaintiffs premises. Ms. Poole chose not to follow that advice. Subsequently, even though Ms. Poole’s premises never caught fire, it nevertheless allegedly suffered from both smoke and water entering the premises through those windows. I note that neither plaintiffs insured, nor plaintiff with personal knowledge, responded to this claim by denying that it ever happened; by asserting that Ms. Poole believed it was too dangerous to enter her house; by asserting that the firefighters prohibited Ms. Poole from entering her house; or by presenting any other reason why Ms. Poole had failed to protect her property and mitigate her damages.
In addition, I find that plaintiff has failed to establish by admissible evidence that defendant’s negligence was the proximate cause of the damage to the premises in question. This is especially true inasmuch as Ms. Poole’s premises is not directly adjacent to defendant’s premises (see Homac Corp. v Sun Oil Co., 258 NY 462 [1932]).
Accordingly, I believe that there are material issues of fact which preclude the granting of plaintiffs motion for summary judgment.
Weston, J.P, and Rios, J., concur; Golia, J., dissents in a separate memorandum.